## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **CHARLES BUCKHANAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 13-2236-SEM-BGC** |
| | ) | |
| | ) | |
| **MICHELLE BELL, FELICIA** | ) | |
| **PEARSON, STEVE WHITE,** | ) | |
| **MARY MILLER, PAUL TALBOT,** | ) | |
| **and WEXFORD HEALTH** | ) | |
| **SOURCES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Charles Buckhanan's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis.  The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d

418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Buckhanan attempts to state two causes of action in his

Complaint.  Buckhanan's first cause of action is brought pursuant

to 28 U.S.C. § 1983 and is premised upon alleged violations of his

Eighth Amendment rights.  Specifically, Buckhanan alleges that

Defendants Michelle Bell, Felicia Pearson, Steve White, Mary Miller,

and Dr. Paul Talbot misdiagnosed his stomach ailment and

symptoms as constipation when, in fact, he suffered from an

infected gallbladder.  Buckhanan alleges that, after a week of pain,

suffering, and inappropriate treatments, he was rushed to the

hospital where he underwent emergency surgery to remove his

gallbladder.  Buckhanan avers that, as a result of Defendants'

misdiagnosis and incorrect treatments, he has suffered permanent

physical and psychological injury.

Buckhanan's second cause of action is also brought pursuant

to § 1983.  Buckhanan alleges that Wexford maintains a policy and

practice of hiring people so incompetent that they routinely violate

inmates' constitutional rights.  Buckhanan's third claim is based

upon state law.  Buckhanan claims that Defendant Wexford Health

Sources, Inc., "steadily employs incompetent people."  The Court

interprets Buckhanan's claim against Wexford Health to be a

negligent hiring or a negligent supervision claim over which he

wants this Court to exercise supplemental jurisdiction. 28 U.S.C. §

1367.

The Eighth Amendment prohibits punishments that are

incompatible with "evolving standards of decency that mark the

progress of a maturing society." *Trop v. Dulles*, 356 U.S. 86, 101

(1958).  "The Eighth Amendment safeguards the prisoner against a

lack of medical care that may result in pain and suffering which no

one suggests would serve any penological purpose." *Arnett v.*

*Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and

footnote omitted).  "Prison officials violate the Constitution if they

are deliberately indifferent to prisoners' serious medical needs." *Id.*

(citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Rodriguez v.*

*Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)

("Deliberate indifference to serous medical needs of a prisoner

constitutes the unnecessary and wanton infliction of pain forbidden

by the Constitution."); *Walker v. Benjamin,* 293 F.3d 1030, 1036-37

(7th Cir. 2002)(noting that the Eighth Amendment applies to the

states through the Fourteenth Amendment).

The deliberate indifference standard requires an inmate to

clear a high threshold in order to maintain a claim for cruel and

unusual punishment under the Eighth Amendment. *Dunigan ex rel.*

*Nyman v. Winnebago County,* 165 F.3d 587, 590 (7th Cir. 1999).  "In

order to prevail on a deliberate indifference claim, a plaintiff must

show (1) that his condition was 'objectively, sufficiently serious' and

(2) that the 'prison officials acted with a sufficiently culpable state of

mind." *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008)(quoting

*Greeno v. Daley,* 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v.*

*Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008)(same).

"A medical condition is serious if it 'has been diagnosed by a

physician as mandating treatment or one that is so obvious that

even a lay person would perceive the need for a doctor's attention.'"

*Lee,* 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653).  "With

respect to the culpable state of mind, negligence or even gross

negligence is not enough; the conduct must be reckless in the

criminal sense." *Id.*; *Farmer v. Brennan,* 511 U.S. 825, 836-37

(1994)("We hold . . . that a prison official cannot be found liable
under the Eighth Amendment for denying an inmate humane
conditions of confinement unless the official knows of and
disregards an excessive risk to inmate health or safety; the official
must both be aware of facts from which the inference could be
drawn that a substantial risk of harm exists, and he must also
draw the inference.").

In other words,

> [d]eliberate indifference is not medical malpractice; the
> Eighth Amendment does not codify common law torts.
> And although deliberate means more than negligent, it is
> something less than purposeful.  The point between these
> two poles lies where the official knows of and disregards
> an excessive risk to inmate health or safety or where the
> official is both aware of facts from which the inference
> could be drawn that a substantial risk of serious harm
> exists, and he . . . draw the inference.  A jury can infer
> deliberate indifference on the basis of a physician's
> treatment decision when the decision is so far afield of
> accepted professional standards as to raise the inference
> that it was not actually based on a medical judgment.

*Duckworth*, 532 F.3d at 679 (internal quotations and citations
omitted).  The Seventh Circuit has cautioned, however, that "[a]
prisoner . . . need not prove that the prison officials intended, hoped

for, or desired the harm that transpired. Nor does a prisoner need to show that he was literally ignored. That the prisoner received some treatment does not foreclose his deliberate indifference claim if the treatment received was so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Arnett,* 658 F.3d at 751 (internal citations and quotations omitted).

Buckhanan's Complaint states a claim for deliberate indifference to a serious medical need. Buckhanan's main complaint is that Defendants misdiagnosed and mistreated his condition. But Buckhanan also alleges that Defendants intentionally misdiagnosed his gallbladder condition and intentionally mistreated him. If these allegations are true, Defendants' actions constitute more than medical malpractice, and Buckhanan's allegation is enough to state a cause of action for deliberate indifference under the Eighth Amendment. *Arnett,* 658 F.3d at 751; *Smith v. Jenkins,* 919 F.2d 90, 92-93 (8th Cir. 1990) (physician's decision to intentionally mistreat inmate can constitute deliberate indifference).

The Court cannot summarily dismiss Buckhanan's claims against Wexford Health either.  Buckhanan can establish liability under this cause of action by identifying an official policy, a practice or custom that is wide-spread and well-settled, or an official with final policy-making authority. *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 292, 303 (7th Cir. 2010).  Buckhanan's allegations regarding Wexford Health's policy or practice is sufficient at this point.

Likewise, Buckhanan's allegations are sufficient at this point to state a cause of action for negligent hiring ro supervision under state law.

> Claims for negligent hiring and negligent retention require a plaintiff to establish:
>
>> "(1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller,* 185 Ill.2d 299, 311, 235 Ill. Dec. 715, 705 N.E.2d 898, 904 (1998).
>
> The tort of negligent supervision has not been distinguished from the tort of negligent retention.

*Helfers-Beitz v. Degelman*, 406 Ill.App.3d 264, 268, 939 N.E.2d 1087, 1091, 345 Ill. Dec. 907, 911 (Ill. App Ct. 2010).Buckhanan's Complaint contains facts regarding these essential elements

Finally, Buckhanan has filed a motion asking the Court to appoint counsel to represent him.  The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).  The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. . . .  The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions

and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

Here, Buckhanan appears to be literate and has filed cogent pleadings with the Court. His claim is not so novel or complex that he cannot litigate it himself. Buckhanan has personal knowledge of the facts supporting his claim and appears cable of cross-examining Defendants regarding their version of the events. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Accordingly, the Court finds that, based upon the current record, Buckhanan appears competent to litigate this case himself and denies his motion for appointment of counsel.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim against Defendants Bell, Pearson, White, Miller, and Talbot for deliberate indifference to a serious medical need in violation of

his Eighth Amendment rights and against Defendant Wexford

Health for maintaining a harmful policy or practice regarding the

hiring of its staff and against Wexford Health for negligent hiring or

negligent supervision.  Any additional claim(s) shall not be included

in the case except at the Court's discretion on a motion by a party

for good cause shown or pursuant to Federal Rule of Civil Procedure

15.

     2.    This case is now in the process of service.  Plaintiff is

advised to wait until counsel has appeared for Defendants before

filing any motions in order to give Defendants notice and an

opportunity to respond to those motions.  Motions filed before

Defendants' counsel has filed an appearance will generally be

denied as premature.  Plaintiff need not submit any evidence to the

Court at this time unless otherwise directed by the Court.

     3.    The Court will attempt service on Defendants by mailing

a waiver of service.  Defendants have 60 days from service to file an

Answer.  If Defendants have not filed an Answer or appeared

through counsel within 90 days of the entry of this order, Plaintiff

may file a motion requesting the status of service.  After Defendants

has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4.    With respect to a Defendant(s) who no longer works at the address provided by Plaintiff, the entity for whom that Defendant(s) worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.    Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6.     Once counsel has appeared for Defendants, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.     Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement.  Counsel for Defendants shall arrange the time for the deposition.

8.     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1)  ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES;**

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND

3) SHOW PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [D/E 4] AS DENIED.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTER:  November 7, 2013

FOR THE COURT:

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE